UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| EMILIO LACEN, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 16-cv-10783-IT |
| | * | |
| LOIS RUSSO, | * | |
| | * | |
| Respondent. | * | |

MEMORANDUM AND ORDER

March 25, 2019

TALWANI, D.J.

Petitioner Emilio Lacen filed a Petition for Writ of Habeas Corpus [#1] pursuant to 28 U.S.C. § 2254, seeking habeas relief from his 2011 conviction for trafficking in cocaine in an amount greater than two hundred grams, in violation of Mass. Gen. Laws ch. 94C, § 32E(b). Upon review of the Magistrate Judge's Report and Recommendation [#30], Respondent's Limited Objections [#31], and Petitioner's Objections to the Magistrate Judge's Report and Recommendation [#38] and Objections to Respondent's Limited Objections [#39], and determining *de novo* those portions of the Magistrate Judge's Report and Recommendation that have been objected to, the court hereby ACCEPTS and ADOPTS the Report and Recommendation for the reasons set forth therein and below. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus [#1] is DENIED.

I. Introduction, Background, and General Habeas Principles

Neither party raises any objection to the Report and Recommendation's recounting of the background and facts underlying this petition, or its discussion of the general habeas principles

applicable under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254. These portions of the Report and Recommendation are adopted in their entirety.

II.     Exhaustion of Claims

Respondent asserts that the Magistrate Judge incorrectly determined that the Petitioner exhausted his claim that his Fifth Amendment right to due process was violated when the trial judge presided over his trial after stating multiple times that she would recuse herself. Resp't's Limited Objs. [#31]. Petitioner disagrees. Pet'r's Objs. to Resp't's Limited Objs [#39]. The court need not resolve this dispute. Although a court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless it appears that the petitioner has exhausted his available remedies in state court, id. § 2254(b)(1)(A), a court may deny the writ on the merits notwithstanding any failure of the petitioner to exhaust such remedies. Id. § 2254(b)(2). As set forth below, the writ is subject to dismissal on the merits.

III.    Alleged Violation of Fifth Amendment Right to Due Process

Petitioner argues that the Massachusetts Appeals Court's decision upholding the trial judge's decision to preside over his trial was a violation of his right to due process under the Fifth and Fourteenth Amendments of the Constitution and was contrary to and an unreasonable application of clearly established federal law. Pet'r's Objs. [#38]. Petitioner points to In re Murchison, in which the Supreme Court found a due process violation where a judge was both the "one-man grand jury" and the judge trying the charges. See 349 U.S. 133, 138 (1955). Petitioner contends that the instant case is very similar to In re Murchison because the trial judge here "heard the same kind of evidence a grand jury judge would have heard." Pet'r's Objs. 3 [#38]. But the Supreme Court's concern in In re Murchison was not the judge's familiarity with the evidence in the case before him, but the dual roles the judge played. The Supreme Court explained that "no man is permitted to try cases where he has an interest in the outcome," and that "[h]aving been a

2

part of [the accusatory] process a judge cannot be, in the very nature of things, wholly disinterested in the conviction or acquittal of those accused." 349 U.S. at 137. Here, there is no similar allegation that the trial judge had an interest in the outcome of the proceedings or had any dual role.

Petitioner points to no other Supreme Court precedent setting forth clearly established law. On *de novo* review, the court adopts the magistrate judge's thorough review of federal case law and application to the record here, finding, as did the magistrate judge, that the trial judge's decision not to recuse herself does not rise to a constitutional violation, and that the Massachusetts Appeals Court's decision was not contrary to, nor did it involve an unreasonable application of, clearly established Supreme Court law.

IV. ALLEGED VIOLATION OF SIXTH AMENDMENT RIGHT TO COMPULSORY PROCESS.

In his petition, Lacen stated that the trial court erred in not allowing him to impeach Trooper Flanagan with the testimony of the prosecutor, in violation of his Sixth Amendment rights. Pet. 9 [#1]. The magistrate judge noted that Lacen's references to the Sixth Amendment and his application of the law to the facts, both in the state court proceedings and here:

> make clear that he is arguing that he was prevented from impeaching Trooper Flanagan on cross-examination with statements he allegedly made to the [prosecutor], that he was prevented from putting on this evidence again when he was not permitted to call the [prosecutor] as a witness at trial, and that his right to present evidence in his favor was further violated when he was not allowed to voir dire the [prosecutor] after trial. Given the facts of the case, he properly made claims concerning his right to cross-examine the witness against him, his right to compulsory process, and generally his Sixth Amendment right to offer testimony in his defense. None of these claims is "misplaced."

R. & R. 12-13 [#30]. Respondent objects to this "re-framing" of the petitioner's claim, while at the same time concurring with the magistrate judge's ultimate focus on compulsory process. Resp't's Limited Obj. 5 [#31]. Petitioner does not respond to this objection. On *de novo* review, the court finds that the magistrate judge's explanation of the petitioner's argument and the framing of the

3

claim are consistent with Petitioner's claim.

The magistrate judge found that Lacen failed to show that the testimony he sought to elicit from the prosecutor was material or favorable to his defense, and thus that Lacen had failed to show prejudice. R. & R. 14 [#30]. Lacen objects, arguing that questioning the prosecutor was materially relevant and necessary to the defense in order to impeach Trooper Flanagan's testimony regarding "the chain of custody" of the turret tape. Pet.'r's Obj. 5 [#38]. To the extent that Lacen sought to impeach Trooper Flanagan through the testimony of the prosecutor, the magistrate judge correctly noted that there is nothing in the record to show that the prosecutor's testimony would have differed from the testimony proffered in his affidavit, namely, that he "did not have a specific recollection of Trooper Flanagan telling [him] that the recordings did not exist or making the representation that he told me that they did not exist." As the Massachusetts Appeals Court and the magistrate judge concluded, this testimony would not have been helpful to impeach Trooper Flanagan.

To the extent that Lacen sought to show that "the chain of custody of the audio tape was non-existent where the Trooper . . . had kept the . . . tape in his car for over a year" rather than locking up the audio tape in a police evidence locker, see id., Lacen did not need the testimony of the prosecutor to make this argument. Trooper Flanagan testified at trial that he had the tape in his possession for one year, Tr. Vol. 1, p. 121, and that when he learned that there was something wrong with the CD that the prosecutor and defendant, he told them that he had a copy in his cruiser. Tr. Vol. II, p. 107-08. Again, the prosecutor's testimony was not necessary to show that Trooper Flanagan had the tape in his car for a year.

Finally, Lacen argues that the tape provided by the Trooper did not have any recordings from 3:00 o'clock p.m. until the 5:08 p.m. call that was played for the jury. He asserts that this

4

information was different than the time frame that was testified to under oath by the trooper. Pet.'r's Objs. 5 [#38], citing counsel's argument at Tr. Vol. II, pp. 139-40. But he cites no trial testimony by Trooper Flanagan that he sought to impeach, and again makes no showing as to how the prosecutor's testimony would have been helpful in this regard.

In sum, because Lacen has not shown that the testimony of the prosecutor would have been favorable or material to his defense, he has shown no Sixth Amendment violation by the exclusion of the testimony.

IV. CONCLUSION.

For the reasons stated above, the court hereby ACCEPTS and ADOPTS the Report and Recommendation [#30]. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus [#1] is DENIED.

IT IS SO ORDERED.

March 25, 2019                                          /s/ Indira Talwani
                                                        United States District Judge